Allen v Consolidated Edison of N.Y. (2022 NY Slip Op 02220)

Allen v Consolidated Edison of N.Y.

2022 NY Slip Op 02220

Decided on April 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 05, 2022

Before: Webber, J.P., Singh, González, Kennedy, Higgitt, JJ. 

Index No. 301631/12 Appeal No. 15666-15666A Case No. 2021-02032 2021-02054 

[*1]Tanita Allen, Plaintiff-Appellant-Respondent,
v
Consolidated Edison of New York, et al., Defendants-Respondents.
BH 520 W 175, LLC, Third-Party Plaintiff-Respondent,
v
Speedway Plumbing Corp., Third-Party Defendant-Respondent-Appellant.

Hach & Rose LLP, New York (Andrew Laskin of counsel), for appellant-respondent.
Mullholland, Minion, Davey, McNiff & Beyrer, Williston Park (Eric N. Bailey of counsel), for respondent-appellant.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for Consolidated Edison of New York, respondent.
White & McSpedon, P.C., New York (Frances Norek Hatch of counsel), for BH 520 W 175, LLC, respondent.
Lester Schwab Katz & Dwyer, LLP, New York (Paul M. Tarr of counsel), for 520 West 175 Street LLC and David Samson, respondents.

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about January 20, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' and third-party defendant Speedway Plumbing Corp.'s motions for summary judgment to the extent of dismissing the complaint on the ground that plaintiff cannot prove that her exposure to natural gas or carbon monoxide triggered the early onset of her genetic predisposition to Huntington's Disease, and denied Speedway's motion for summary judgment dismissing the third-party complaint against it, unanimously modified, on the law, to grant Speedway's motion for summary dismissal of the third-party action, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
Appeal from order, same court and Justice, entered on or about November 25, 2020, which, after a Frye hearing, precluded plaintiff from offering expert evidence as to the above theory of damages, unanimously dismissed, without costs, as subsumed in the appeal from the January 20, 2021 order.
The motion court properly precluded plaintiff's experts' testimony opining that exposure to natural gas or carbon monoxide, due to gas leaks in her apartment over a period of several months, caused her to suffer hypoxia, which led to oxidative stress, and, in turn, triggered the early onset of Huntington's Disease, an inherited neurodegenerative disease for which she had a genetic predisposition. Plaintiff's experts admitted that there are no known scientific studies supporting a causal link between natural gas or carbon monoxide exposure and the early onset of Huntington's Disease. Moreover, plaintiff's experts agreed that the gas levels in plaintiff's apartment at no time rose above 5%, at which point gas becomes combustible and did not cite to any scientific evidence supporting their theory that such low levels of gas would be sufficient to cause hypoxia. Plaintiff's experts' conclusion that plaintiff must have sustained toxic exposure based on her symptoms and medical record employed an "inverse approach" that has been squarely rejected by the courts (see Sean R. v BMW of N. Am., LLC, 26 NY3d 801, 810 [2016]). Accordingly, plaintiff failed to meet her burden in showing specific causation (see Parker v Mobil Oil Corp., 7 NY3d 434, 448 [2006]).
We find that summary judgment should have been granted to third-party defendant Speedway and the third-party complaint and any cross claims against it dismissed. It is undisputed that Speedway did not commence work on the gas pipes in the apartment until July 2011, months after plaintiff experienced symptoms of Huntington's Disease. Nothing in the record indicates that Speedway's conduct contributed to or exacerbated plaintiff's condition.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April [*2]5, 2022